Shaneka Hoyt

11871 E Eclipse Court

Yuma, AZ 85367

(619) 693-0489

```
┌─────────────────────────────┐
│  ⊻ FILED        ___ LODGED  │
│  ___ RECEIVED   ___ COPY    │
│                             │
│       JUN 1 4 2023          │
│   CLERK U S DISTRICT COURT  │
│      DISTRICT OF ARIZONA    │
│  BY_____ DEPUTY  │
└─────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Shaneka Hoyt,

    Plaintiff,

                                 **CASE NUMBER:** **CV23-01090-PHX-DWL**

v.

Zale Delaware Inc;

Zale Corporation;                **VERIFIED COMPLAINT**

Signet Jewelers Ltd;

Signet Jewelers Inc,             **(Jury Trial Requested)**

    Defendant(s).

I(Plaintiff) Shaneka Hoyt, for my Complaint against Defendant Zale Delaware Inc; also known as Zale

Corporation; Signet Jewelers Ltd; also known as Signet Jewelers Inc. hereby states:

### PARTIES

    A.  I the Plaintiff Ms. Hoyt is, and at all times relevant hereto

          was/is a resident of Yuma County, Arizona.

    B.  Upon information and belief, Defendants Zale Delaware Inc

          (Zale Corporation), or Signet Jewelers Ltd (Signet Jewelers

    C.  Inc) is in Irving, Texas corporation with its principal place of

          business in Akron, Ohio.

## JURISDICTATION AND VENUE

A. The acts complained occurred in Yuma County, Arizona and this court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to Title VII of the Civil Rights act of 1964, as amended, 42 U.S.C. 'a7'a7 2000e, et. seq., that protects an employee from employment discrimination on the basis of race, color, religion, sex, and or national origin, and 42 U.S.C 1981.

B. This court has federal question subject matter jurisdiction over Plaintiff (Ms. Hoyt) claims pursuant to 28 U.S.C. §§ 1331 for reporting causing of retaliation of Title VII, in that claims set forth in this Complaint arise under federal law.

C. The employment practices are to be unlawful and were committed within, and had their primary effect, in the jurisdiction of the United States District Court for the District of Arizona.

D. I Plaintiff (Ms. Hoyt) was, at all relevant times, an employee of Zale Corporation (Zale Delaware Inc) Signet Jewelers Ltd (Signet Jewelers Inc). All is known to have its principal place of business in Akron, Ohio.

E. At all relevant times, Defendants has continuously been an employer, employing fifteen or more employees within the meaning of Title VII.

F. I the Plaintiff (Hoyt) has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

G. The plaintiff is a resident of Yuma, AZ, and a citizen of the United States.

H. The defendant, Zale Delaware Inc, is a resident of Irving, TX, and a citizen of the United States.

I. The defendant, Zale Corporation, is a resident of Irving, TX, and a citizen of the United States.

J.   The defendant, Signet Jewelers Ltd, is a resident of Akron, OH and a citizen of the United States.

K.   The defendant, Signet Jewelers Inc, is a resident of Akron, OH and a citizen of the United States.

L.   All to be known its principal place of business in Akron, Ohio.  The cause of action arose in the Phoenix division, Yuma County.

## Employment Discrimination Complaint

The conduct complained of in this lawsuit involved the following: Termination of my employment; Retaliation; Harassment; Other Race/National Origin Discrimination

The conduct(s) above is referred to in the charge of discrimination. I believe I was discriminated against because of my: Race; National Origin; Other Retaliation for reporting to corporate.

## FACTUAL ALLEGATIONS

The reason(s) above is referred to in the charge of discrimination. The discriminatory conduct occurred at: 1401 Yuma Palms Pkwy Ste g-04, Yuma, AZ 85365 on Jan 2018-July 2020.

1.   I (Plaintiff Hoyt) began employment with Zales on April 28, 2018, as a Sales Associate.

2.   As a result of my performance, was promoted to Store Manager.

3.   After a while I was relocated to Yuma, Az to continue my role as a Store Manager in Zales Store # 1968 in Feb 2017 until my official termination in July 2020.

4.   I am an African American woman.

5.   In approximately August 2017 a new associate Ida Verdugo, began working in (Plaintiff) Hoyt's store.

6.     Ida Verdugo is a Hispanic woman.

7.     Ms. Verdugo quickly began harassing and saying racial slurs and displaying being insubordinate in efforts to attempt to get me fired.

8.     I believe Ms. Verdugo's negative actions, and statements were rooted in her racial malevolent towards African Americans.

9.     After initially reporting this to my District Manager Ms. Terra Campbell, of Ms. Verdugo's treatment/behaviors and pleading for a resolution Ms. Campbell offered no support in the situations.

10.    Although being in the role of a Store Manager, I (Ms. Hoyt) did not have any authority to discipline or terminate any employees without support and approval of the District Manager (Ms. Campbell)

11.    In approximately late 2018 I (Ms. Hoyt) raised several complaints with Ms. Campbell spreading rumors saying she was having an affair with married associate (who is also African American) and undermining her authority. Ms. Campbell (District Manager) again offered no support to my complaints.   12.   Another employee, Ms. Trysta Vasquez began her employment with Zales in 2018.

13.    Ms. Trysta Vasquez was a Hispanic woman.

14.    Ms. Trysta Vasquez and Ms. Ida Verdugo would regularly refer to I (Ms. Hoyt) as "perra negra" or "black bitch".

15.    In April 2019, another employee, Ms. Nancy Martens, filed a complaint with both Ms.Tammy Butler (Human Resources employee) and Ms. Campbell (District manager) complaining that Ms. Verdugo and Ms. Vasquez were being malicious and saying racial slurs in the store's environment creating a hostile work environment.

16.    In her initial complaint written via email Ms. Martens specifically informed Ms. Butler (Human Resources) then, when I Ms. Hoyt interviewed an African American candidate for a sales

position, Ms. Verdugo told Ms. Martens, "She better not hire her...we don't need two of them here."

17.     Ms. Martens also said this again verbally via telephone to Ms. Butler and later with Ms. Campbell in person.

18.     Ms. Butler told Ms. Martens she would follow up after investigating her complaint, but never did so.

19.     Upon no response of resolution and follow-up and belief, nothing was done in response to Ms. Marten's complaint: no disciplinary action was taken, and Ms. Hoyt was never notified from Human Resources to discuss such serious, and racial complaints.

20.     Ms. Verdugo and Ms. Vasquez were permitted to continue their racist campaign against me. (Ms. Hoyt)

21.     Also, in April 2019 I (Ms. Hoyt) was notified of a concern of employee theft and after an investigation and finding the theft had occurred on video I (Ms. Hoyt) contacted T.I.P.S. (Take. It Personal Signet) phone line according to Signet handbook -to report dishonest unethical behavior, theft, harassment and discrimination, policy violations, etc.

22.     I was contacted by Ms. Anaida Guiterrez (Human Resources) who I stated of the ongoing racial issues, and hostile work environment and submitting video of theft that occurred and abuse of timeclocks etc.

23.     Ms. Guiterrez conclusion after no investigation, also not speaking to associate Ms. Martens about her purse being violated and items put into her purse to frame her of theft by Ms. Verdugo, and Ms. Trysta Vasquez.  Ms. Guiterrez stated that it is not grounds for termination and no disciplinary action was taken.

24.     Ms. Martens wrote another complaint to Ms. Butler (Human Resources) April 29,2019 with a list of complaints how no one spoken to her about this theft and again the ongoing issues, harassment, racial slurs, theft etc. in the work environment.

25.     Corporate again failed, nothing was done. There was no support to investigate this serious matter.

26.     I (Ms. Hoyt) wanted to obtain a formal record of this incident and after reaching out to the T.I.P.S line with my case #, and was advised there was nothing recorded by Ms. Anaida Gutierrez (Human Resources) and would document there was no follow up.

27.     May12, 2019 Ms. Martens wrote another complaint again to Ms. Campbell (District Manager) from an initial complaint from Ms. Butler (Human Resources) about Ms. Verdugo making "rude degrading and offensive comments", and harassment to I (Ms. Hoyt). Also Ms. Verdugo alleging and yelling in the store in front of customers and employees yelling "I'm keeping her hostage" with Ms. Campbell on the phone.

28.     Again Ms. Campbell did not support Ms. Martens or I (Ms. Hoyt).

29.     May 22, 2020, the Zales location was temporarily closed due to COVID -19.

30.     As a result of the store closing Ms. Hoyt and her employees were placed on furlough.

31.     I worked remotely with my new current district in training to do online sales from March 22nd, 2020 until officially April 3rd 2020.

32.     Throughout April to May 2020 I (Ms. Hoyt) received numerous emails on training completion and follow-up with customers from corporate while on furlough. Also received Store Manager bonus checks from March 2020 and other months leading until official termination in July 2020.

33.     May 26, 2020, I (Ms. Hoyt was stopped by a customer who recognized me and informed me that my store was open, and all my employees were currently working in the store. At that time the store was not open to the public yet.

34.     I (Ms. Hoyt) was not informed by the new District Manager. Ms. Kathryn Jones on my store reopening.

35.     I called my new district manager (Ms. Jones) and Ms. Jones stated that they were in Phase 1 of reopening and not yet bringing back the managers. Prior to opening Ms. Jones hired/

relocated an Assistant Manager relocated from Las Vegas (A Caucasian woman) Ms. Kassie Raymond who was said to become the new Store Manager.

36.     Ms. Martens stated to me (Ms. Hoyt) via phone that Ms. Jones was "on a rampage" ransacking my drawers and the store and throwing my things out in a trash bag and was advised by Ms. Jones not to contact me.  The store reopened to public on May 30, 2020.

37.     May 31st, 2020, still on furlough I (Ms. Hoyt) sent an email of complaints to CEO Gina Drosos, complaining of the mistreatment I continuously experienced as well as notifying Ms. Drosos of the racial discriminatory comments I faced for so long.

38.     June 3, 2020, filed independently a EEOC Claim. /Previous lawyer additional filing Dec 7, 2020

39.     June 4, 2020, I (Ms. Hoyt) spoke to Nick Slabaugh an internal investigator that works for Signet.

40.     I spoke to Mr. Slabaugh for about 45 min on June 4, 2020, about the discriminatory issues and abuse I experienced at Zales Yuma location.

41.     Some of the issues I mentioned during our conversation included, Ms. Verdugo and Ms. Vasquez "perra negra" comments. Ms. Verdugo comment to Ms. Martens how she did not want "two of them" (refers to African American) working at the store when I Ms. Hoyt interviewed another African American woman, also Ms. Verdugo refusal to assist African American customers because of again her malevolent behavior because "they look like they don't have money".

42.     I (Ms. Hoyt) also informed Mr. Slabaugh of an incident where Ms. Campbell refused to let me hire an Asian decent woman (who had jewelry experience) and instead hired a man who was Caucasian with no jewelry experience and paid him more than any new associate.

43.     After concluding the conversation with Mr. Slaubaugh, I was told I would hear from human resources. June 5th, 2020 11:44 a.m Ms. Jones asked for my managers safe code. I emailed Mr. Slaubaugh 2:01 pm advising that I had info pertaining to case in my managers safe.

Nicholas responded 2:12 pm That he had "completed the inappropriate race-based comments and the case is now closed" Mrs. Yissell Lazala-Hewitt would be in contact with me on what she deems appropriate.

44.    June 2nd, 2020, I took my son to make payments on my layaway and was locked out of my own store and employees were advised not to let me in. (As I still officially was employed and maintained my title as a Store Manager)

45.    Mrs. Yazell another human resources representative reached out to me, but after returning her call several times we were not able to connect.

46.    On July 24th, 2020, I (Ms. Hoyt) received a phone call from Ms. Jones, who informed me I was being terminated.

47.    The provided reason for my termination was Covid-19 and my "body of work" even though maintaining and leading the district in sales all fiscal year 2019. July 28th 2020, sent another email to CEO Ms. Gina Drosos no response. July 31st, 2020. Wrote another email to CEO Ms. Gina Drosos, and District Manager Kathryn Jones for the destruction of my personal property prior to termination and missing items- again with no regard I received no response.

48.    Upon this the Yuma location from opening to public date May 30th, 2020, this location still required a Store manager.

49.    Additionally, I led the district in sales in 2019. Month over month. Obtaining over $18,000 in Store Manager bonuses, incentives and acquiring a special achievement from the Vice President of Signet for achieving goals.

50.    I (Ms. Hoyt believe the reasoning for my termination was pretextual and retaliatory.

**COUNT 1 RACE AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C 1981**

51.    I Plaintiff Hoyt reasserts each paragraph above.

52.     42 U.S.C 1981 prohibits intentional race discrimination in the workplace and provides for individual liability.

53.     Plaintiff Hoyt is in a protected class I am African American.

54.     Plaintiff Hoyt was qualified for her position with Zale Corporation with about 15 years of jewelry sales experience holding numerous management positions.

55.     As outlined above, Defendants ignored reports/complaints of discriminatory comments regarding my race and was negligence in allowing discriminatory conduct to persist throughout my employment.

56.     Defendant's discriminatory animus is also apparent in its failure to bring I Ms. Hoyt the Plaintiff back from furlough, despite reopening the Yuma store where I resided as the role of Store Manager, bringing back other employees from furlough, and not having a Store Manager at this location.

57.     Abruptly following my complaints of discriminatory conduct, I was subjected to adverse employment actions including termination.

58.     I (Plaintiff) was subjected to race- based discriminatory conduct that was definitely unwelcome and sufficiently severe and persuasive to alter the terms and conditions of my employment. Also, for Signet to falsify documents and bring forth false claims.

59.     Other employees outside of my protected class were treated more favorable.

60.     As a result, I (the Plaintiff was harmed in an amount to be proven by trial.

## COUNT II RACE DISCRIMINATION IN VIOLATION OF TITLE VII

61.     I the Plaintiff reasserts each paragraph above.

62.     I the Plaintiff was subjected to discrimination on the basis of my race by the Defendants.

63.     The conduct described above was sufficiently severe and persuasive to alter the conditions of my employment and due to Signet/Zale negligence created an abusive hostile working environment.

64.     The Companies Defendants knew about the harassment I was subjected to on numerous occasions and failed to acknowledge the severity or even to care to take proper remedial action.

65.     Because of my race, I the Plaintiff was subjected to adverse employment actions including and among other things, termination, and demise of my jewelry career.

66.     Other employees outside of my protected class were treated more favorable.

### COUNT III RETALIATON IN VIOLATION OF TITLE VII

67.     I the Plaintiff reasserts each paragraph above.

68.     Above I the Plaintiff established a prima facie cause of retaliation.

69.     I the Plaintiff engaged in the protected activity of reporting.

70.     In return the Defendants took adverse action against me including termination of employment.

71.     I Miss Hoyt prima facie engaged in a protected activity in reporting complaints of race discrimination amongst other things. the Defendants adverse action was to falsify documents/evidence to alter termination guidelines.

72.     As a result, I the Plaintiff has been damaged in an amount to be proven at trial.


### Demand

In which reason I the Plaintiffs pray that this Court orders such relief as is necessary to make whole, including, without limitation:

A.  Declaring the acts and practices complained of here are in violation of Title VII of the Civil Rights Act and 42 U.S.C 1981

B.  An award of damages for all counts in an amount to be proven at trial.

C.  An award of punitive damages, compensatory damages in an amount to be proven at trial.

D.   An award of back pay and front pay.

E. Pre-and post judgement interest.

F. Reasonable attorney fees, costs, and other expenses.

G. For such other reliefs this Court deems just.

## JURY DEMAND

I the Plaintiff hereby demand a trial by jury of all issues triable.

RESPECTFULLY SUBMITTED  June 14, 2023 Plaintiff : Shaneka Hoyt  11871 E Eclipse

Court Yuma, AZ 85367  certificate of service  to United States District Court, District of Arizona,

Court Clerk EEOC, opposing council. **I am also seeking the following amount in monetary**

**compensation: $150,000.**  The Plaintiff wants a trial by jury.



## Administrative Procedure

I have filed a charge of discrimination against the defendant(s) with the Equal Employment

Opportunity Commission or other federal agency on 06/03/2020 &12/07/20 by former legal

representation. I have received a Notice of Right to Sue Letter.

Date: 6-14-23

Shaneka  Hoyt
11871 E Eclipse Court
Yuma, AZ 85367
(619) 693-0489



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Nashville Area Office**
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/06/2023

**To:** Miss Shaneka Hoyt
11871 E. Eclipse Court
YUMA, AZ 85367

Charge No: 540-2021-00796

EEOC Representative and email:     JENNIFER AGAN
Investigator
Jennifer.Again@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 540-2021-00796.

On behalf of the Commission,

Digitally Signed By:Edmond Sims
04/06/2023

Edmond Sims
Acting District Director

**CC:**
Charles E Cohen
Vorys, Sater, Seymour and Pease
52 E GAY ST
Columbus, OH 43215

Jeffrey League
Signet Jewelers
375 GHENT RD
Fairlawn, OH 44333

Amanda Kuklinski
ZOLDAN LAW GROUP P.L.L.C.
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 540-2021-00796 to the District Director at Edmond Sims, 1407 Union Avenue 9th Floor

Memphis, TN 38104.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/06/2023

**To:** Miss Shaneka Hoyt
11871 E. Eclipse Court
YUMA, AZ 85367

Charge No: 540-2021-00796

EEOC Representative and email:     JENNIFER AGAN
Investigator
Jennifer.Again@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 540-2021-00796.

On behalf of the Commission,

Digitally Signed By:Edmond Sims
04/06/2023

Edmond Sims
Acting District Director

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Nashville Area Office**
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/20/2023

**To:** Miss Shaneka Hoyt
11871 E. Eclipse Court
Yuma, AZ 85367

Charge No: 540-2020-03287

EEOC Representative and email:     JENNIFER AGAN
Investigator
jennifer.agan@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 540-2020-03287.

On behalf of the Commission,

Digitally Signed By:
Edmond Sims
03/20/2023
_____
Edmond Sims
**Acting District Director**

**CC:**
Charles E Cohen
Vorys, Sater, Seymour and Pease
52 E. Gay St.
Columbus, OH 43215

Jeffrey League
Signet Jewelers
375 Ghent Rd.
Fairlawn, OH 44333

Amanda Kuklinski
ZOLDAN LAW GROUP P.L.L.C.
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260


Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 540-2020-03287 to the District Director at Edmond Sims, 1407 Union Avenue 9th Floor

Memphis, TN 38104.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.