**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaneka Hoyt, | No. CV-23-01090-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Zale Delaware Incorporated, et al., | |
| Defendants. | |

      On September 11, 2023, Plaintiff filed a "request for entry of default judgment." (Doc. 21.)  Plaintiff "fails to understand the two-step process required by Rule 55." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  To the extent that Plaintiff seeks default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the request is premature.  Plaintiff has not applied for entry of default pursuant to Rule 55(a), which must be done before default judgment can be sought pursuant to Rule 55(b).  *Phillips v. Comm'n on Character & Fitness*, 2020 WL 4003368, *1 (D. Mont. 2020) ("[E]ntry of default by the clerk under Rule 55(a) is a necessary prerequisite to an entry of default judgment under Rule 55(b). . . . Because Phillips has not obtained an entry of default, his motion for a Rule 55(b) default judgment is premature and should be denied.").

      To the extent that Plaintiff intends the filing at Doc. 21 to be an application for entry of default, that is also premature.  Plaintiff filed the first amended complaint ("FAC") on August 22, 2023, which restarted the 21-day response time, such that the response deadline for Defendants, each of which had been previously been served or had waived service (*see*

attachments to Doc. 21) was September 12, 2023.  Fed. R. Civ. P. 12(a)(1)(A).  Thus, the time to respond to the FAC had not yet lapsed when Plaintiff filed her request.  *Austin v. Lyft, Inc.*, 2021 WL 6617452, *1 (N.D. Cal. 2021) (request for entry of default is premature where the time to respond to the complaint has not passed).

On September 12, 2023, an answer to the FAC was timely filed, apparently on behalf of all existing Defendants.[1]  (Doc. 22.)

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 21) is **denied**.

Dated this 15th day of September, 2023.

Dominic W. Lanza
United States District Judge

---

[1] Defendants assert that "'Signet Jewelers Inc.' is identified as a Co-Defendant to this action, but there is no entity that exists or operates under that name."  (Doc. 22 at 1 n.1.)